IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIE RAY WOODS,

    Plaintiff,

v.                                         No. 1:16-cv-01092-JDB-cgc

HARDEMAN COUNTY, TENNESSEE,

    Defendant.

---

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

INTRODUCTION AND PROCEDURAL HISTORY

On May 6, 2016, the *pro se* Plaintiff, Willie Ray Woods, who at the time of filing was incarcerated at the Obion County Jail in Union City, Tennessee, initiated this action pursuant to 42 U.S.C. § 1983 against the Hardeman County, Tennessee, Sheriff's Office. (Docket Entry ("D.E.") 1.) That same date, he also moved for leave to proceed *in forma pauperis* (D.E. 2), which was granted on May 24, 2016 (D.E. 6). The complaint is now before the Court for screening.[1]

PROPER DEFENDANT

A municipal agency such as a sheriff's office is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a county police department is not an entity that may be sued under § 1983); *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and

---

[1]On February 28, 2018, this action was reassigned from Judge James D. Todd to the undersigned pursuant to Administrative Order 2018-09. (D.E. 7.)

sheriff's departments are not proper parties to a § 1983 suit."). A § 1983 claim against a local police agency is best construed as one against the municipality. *Nouri v. Cty. of Oakland*, 615 F. App'x 291, 300 (6th Cir. 2015). Accordingly, the Clerk of Court is **DIRECTED** to substitute Hardeman County, Tennessee, as the Defendant.

## FACTS ALLEGED

Plaintiff avers in his complaint that, while he was an inmate at the Hardeman County Jail in Bolivar, Tennessee, he "was not given a pork substitute on [his] meal trays as per [his] religion" on twenty-nine separate occasions. (D.E. 1 at PageID 2.) He seeks "legal disciplinary action" against the Defendant. (*Id.* at PageID 3.)

## SCREENING STANDARD

Courts are required to screen prisoner complaints and dismiss such pleadings or any portions thereof that "[are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleading standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "To survive scrutiny under [§§ 1915(e)(2)(B) and 1915A(b)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walton v. Gray*, 695 F. App'x 144, 145 (6th Cir. 2017) (per curiam) (quoting *Hill*, 630 F.3d at 471) (internal quotation marks omitted). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). That said, courts have not "been willing to abrogate basic pleading essentials in *pro se*

suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

PLAINTIFF'S CLAIMS AND ANALYSIS

Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018).

"A municipality or other local government may be liable under [§ 1983] if the governmental body *itself* subjects a person to a deprivation of [constitutional] rights or *causes* a person to be subjected to such deprivation." *Richmond v. Huq*, 885 F.3d 928, 948 (6th Cir. 2018) (emphasis added) (internal quotation marks omitted), *reh'g en banc denied* (May 17, 2018). "A municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Stanfield v. City of Lima*, ___ F. App'x ___, 2018 WL 1341646, at *8 (6th Cir. Mar. 15, 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016). "This means that the plaintiff must show a direct causal link between the policy and the alleged constitutional violation such that the municipal policy can be deemed the moving force

behind the violation." *Id.* at 402 (internal quotation marks omitted).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Nouri*, 615 F. App'x at 296 (quoting *Burgess*, 735 F.3d at 478).

Woods has failed to identify any policy or custom of Hardeman County that caused his alleged injury. As his complaint does not set forth a claim for relief against the municipality, it must be dismissed. *See Reeves v. Corr. Corp. of Am.*, No. 3:18-cv-0029, 2018 WL 2218961, at*3 (M.D. Tenn. May 15, 2018) (where *pro se* prisoner plaintiff failed to allege municipal defendant had a policy or custom that was the moving force behind the alleged constitutional violation, dismissal is appropriate).

## LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The gravamen of the inmate's complaint is that he was denied a diet that comported with his religious requirements. The Court finds it appropriate to provide him an opportunity to properly assert those claims and, therefore, grants leave to amend the complaint. In doing so, the Court cautions Plaintiff that service of process cannot be made on an unknown party and the filing of a complaint against an unnamed defendant does not toll the running of the statute of limitations against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

CONCLUSION

The complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is GRANTED. Woods must file his amended complaint within thirty days from the entry-date of this order. He is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended pleading and must be attached to the complaint. All claims alleged in the amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and identify each defendant sued in that count. If Woods fails to timely file an amended complaint, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. In addition, Plaintiff is reminded that he must promptly notify the Clerk of Court in writing of any change of address, transfer to another facility, release from custody, or extended absence.

IT IS SO ORDERED this 8th day of June 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE