IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIE RAY WOODS,

    Plaintiff,

v.                                            No. 1:16-cv-01092-JDB-cgc

HARDEMAN COUNTY, TENNESSEE,

    Defendant.

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On May 6, 2016, the *pro se* Plaintiff, Willie Ray Woods, who at the time of filing was incarcerated at the Obion County Jail in Union City, Tennessee, initiated this action pursuant to 42 U.S.C. § 1983 against the Hardeman County, Tennessee, Sheriff's Office. (Docket Entry ("D.E.") 1.) That same date, he also moved for leave to proceed *in forma pauperis* (D.E. 2), which was granted on May 24, 2016 (D.E. 6).

On June 8, 2018, the Court dismissed the complaint for failure to state a claim and granted leave to amend within thirty days. (D.E. 8.) The order notified Plaintiff that, if he failed "to timely file an amended complaint, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at PageID 23.)

To date, Woods has neither amended his pleading nor sought an extension of time in which to do so. Therefore, judgment will be entered in accordance with the June 8, 2018, order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*See id.*)

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal would be taken in good faith. The good-faith standard is objective, and the corresponding test assesses whether the litigant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, the Court CERTIFIES that any appeal in this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this matter. 28 U.S.C. § 1913(1). A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (setting out specific procedures for implementing the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b)), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Accordingly, if Woods wishes to pay the appellate filing fee in installments, he must comply with the procedures pursuant to *McGore* and § 1915(a)(2), which require filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

Finally, for analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgement is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk of Court is DIRECTED to prepare a judgment.

IT IS SO ORDERED this 18th day of July 2018.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE